# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42ⁿᵈ Street, Suite 4510                                                      Telephone: (212) 317-1200
New York, New York 10165                                                      Facsimile: (212) 317-1620
_____

jandrophy@faillacelaw.com

September 25, 2019

**BY ECF**
Hon. Katherine Polk Failla
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:    **Ruiz Ortegaet al v. Ambrosia Bakery Café Inc. et al
Case No. 18-cv-2207 (KPF)**

Dear Judge Failla,

This office represents plaintiffs in the above referenced matter.  We write  to submit this letter setting forth our views on why the agreed upon settlement between Tomas Trujillo Castelan and Giuseppe Vicari in this matter is fair.

Trujillo and Vicari have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the proposed Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to _Cheeks v. Freeport Pancake House, Inc._, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

This action as a whole concerns claims by four plaintiffs arising out of their employment at a restaurant doing business as Bread Factory Café.  Plaintiffs allege claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 _et seq_. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law

Page 2

§ 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

The settlement involves just one aspect of the claims: Plaintiff Trujillo's claims arising out of his employment at Mariella Pizza, operated by Giuseppe Vicari, from approximately March 2012 until June 2013. In or about June 2013, Mariella Pizza was incorporated into Bread Factory Café, and Vicari retired. That is why these claims are part of this lawsuit.

Plaintiff Trujillo alleged that he was employed by Vicari at Mariella Pizza from approximately March 2012 until June 2013. Trujillo claimed he worked approximately 78 hours per week when employed by Vicari, and was paid $650 per week by Vicari.

Vicari denied Trujillo's allegations and claimed that Trujillo was exaggerating his hours worked. There also was some disagreement over the exact date of Mariella's Pizza becoming part of Bread Factory Café, and Vicari's term as Trujillo's employer ending. Most importantly for purposes of settlement, Vicari no longer owns a business or works, and apparently resides in Italy. This posed significant challenges for any potential recovery on a judgment.

2. **Settlement Terms**

We estimate that Plaintiff Trujillo was entitled to back wages of approximately $61,132.50 from Vicari. Plaintiff Trujillo estimates that if he had recovered in full for his claims, he would be entitled to approximately $175,000 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

Trujillo and VIcari have agreed to settle this action for the total sum of $17,500. The settlement will be paid in a single payment.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's

Page 3

overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Trujillo's claims. Vicari was adamant that Trujillo worked less hours than he claimed. Most importantly, Vicari alleged and demonstrated credible potential difficulties in recovering any judgment against him. The fact that Vicari no longer owned a business or worked, and that Vicari primarily resides outside of the United States, posed serious challenges to any potential collection. Thus, following extensive negotiations, the parties agreed to settled this case.

Considering the risks in this case outlined above, Trujillo believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiff Trujillo, Plaintiff Trujillo's counsel will receive $5,833.33 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation as well as a reduction in

Page 4

fees from what is identified in Plaintiff Trujillo's retainer agreement, which provides that forty percent of Plaintiff Trujillo's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $21,610.00 in attorneys' fees.[1] A copy of Plaintiffs' billing record is attached as Exhibit B. Michael Faillace's standard billing rate is $450 an hour (MF), and Joshua Androphy's standard billing rate is $400 an hour (JA). PL stands for paralegal work, at an hourly rate of $100 an hour.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively

---

[1] To be sure, not all of the billed time relates to Trujillo's claims against Vicari.

low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

My work is billed at the rate of $400 per hour.  I am senior attorney at Michael Faillace & Associates, P.C.  I am a 2005 graduate of Columbia Law School.  I have practiced litigation since becoming an attorney, and have concentrated on wage and hour litigation since joining Michael Faillace & Associates, P.C. in 2012.  I have been named a Super Lawyers Rising Start from 2015-2018, and have tried more than twenty wage and hour actions in federal court.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Joshua S. Androphy
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures