# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165  
———————

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

February 28, 2020

**BY ECF**  
Honorable Katherine Polk Failla, U.S.D.J.  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

      Re:    **Ruiz Ortega et al v. Ambrosia Bakery Café Inc. et al**  
             **Case No. 18-cv-2207 (KPF)**

Dear Judge Failla:

This office represents Plaintiffs in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice as against Defendants Ambrosia Bakery Café Inc. (d/b/a Bread Factory), Frank Halkiadakis, Miko Somarakis, Nick Tetenes, and Dimitrios Raptis.

Defendants Nikolaos Glendis and George Tzikas have not signed the Agreement. Plaintiffs ask that the action not be dismissed as against them. Although Nick Tetenes also did not sign the Agreement, Plaintiffs ask that the action be dismissed as against him. Based on information learned through discovery Plaintiffs do not believe there is a basis to hold Tetenes liable as an employer.

1. **Background**

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, as alleged by Plaintiffs, Plaintiff Noemi Ruiz Ortega was employed by the Bread Factory Defendants as a cashier from approximately July 2012 to September 2012, March 2013 to October 2014, and June 2015 to October 12, 2016. In 2012 she typically worked 20 hours per week; at all later times she typically worked approximately 49 hours. Throughout her employment, Plaintiff Ruiz was paid at the rate of $9.00 per hour for all hours worked, including hours worked above 40 per week. Ruiz was paid most weekly by check for 30 hours, and was paid in cash for the other hours she worked.

Plaintiff Adrian Velasquez was employed by the Bread Factory Defendants as a bread maker, from approximately September 2005 until on or about March 11, 2018. Velasquez typically worked between 54 and 72 hours per week. Throughout his employment, Plaintiff Velasquez was paid a fixed, flat salary. His salary was $500 per week in 2012, $685 per week from 2013 to 2016, and $687 per week in 2017 and 2018.

Plaintiff Juan Domingo Velasquez Rosales was employed by the Bread Factory Defendants as a dishwasher and delivery worker from approximately August 2009 until on or about November 14, 2017. He typically worked approximately 57 to 61 hours per week. He was at all times paid a fixed weekly salary: $350 per week from 2012 to 2015, $380 per week in 2016, and $400 per

week in 2017. Defendants also withheld a portion (15%) of his tips that were paid to him through the website Seamless.

Plaintiff Tomas Trujillo was employed at Mariella Pizza by Giuseppe Vicari from March 2012 until June 2013, and thereafter was employed by the Bread Factory Defendants. Trujillo worked approximately 58 to 70 hours per week when employed by the Bread Factory Defendants. Trujillo was paid so that his take home pay after deduction of taxes was $650 throughout his employment. His gross pay was originally $650 per week, and was increased to $706 through 2016, and $742 in 2017.

Defendants acknowledged some liability but denied some of the Plaintiffs' specific allegations.

Additionally, during the pendency of the action, the corporate defendant Ambrosia Bakery Inc. sold the Bread Factory Café business. This posed concerns for Plaintiffs about their ability to enforce any judgment they may obtain.

**2. Settlement Terms**

Plaintiffs alleges they are entitled to back wages of approximately $358,000. Plaintiffs estimates that if they had recovered in full for their claims, they would be entitled to approximately $936,000, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $360,000. The settlement will be paid in an upfront payment of $100,000 followed by 30 installments of $8,666.67.

The settlement funds will be distributed in total as follows:

- Noemi Ruiz Ortega: $5,815.26
- Adrian Velasquez: $78,648.99

- Juan Domingo Velasquez Rosales: $54,291.63
- Tomas Trujillo Castelan: $99,574.39
- Michael Faillace & Associates, P.C.: $121,669.73

The initial payment and the 30 installment payments will be allocated accordingly.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's allegations. Defendants produced a plethora of employment records, some which contradicted Plaintiffs' claims regarding the hours they worked and the pay they received. Additionally, there were disputes over cash payments that Plaintiffs received, including the amounts they received and whether the payments were made at hourly rates or fixed salaries.

The settlement was reached with the assistance of Magistrate Judge Freeman, who conducted two in-person settlement conferences in the action, in addition to several telephone settlement conferences.

Additionally, under the terms of the settlement, the Plaintiffs are not precluded from suing the successor owner of Bread Factory Café under the theory of successor liability to complete their

recovery. The release in paragraph 1 specifically states that it does not release claims against successors in operating the Bread Factory Café.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiffs' counsel will receive $121,669.73 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation after costs, which total $2,504.60, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $27,335.00, plus costs of $2,504.60, for a total of $29,839.60. (A copy of Plaintiff's billing record is attached as "Exhibit C."). Thus, Plaintiff's counsel is asking for 4.08 times their lodestar. This amount is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Wise v. Regi G LLC*, 18-cv-08061 (SDA), 2019 U.S. Dist. LEXIS 41824, *2-*3 (S.D.N.Y. Mar. 13, 2019) (awarding attorneys' fees of 5 times lodestar plus costs); *Aucacama v. Bancone LLC,* 18 Civ. 3245 (AT), 2018 U.S. Dist. LEXIS 185008, *6 n. 2 (S.D.N.Y. Oct. 26, 2018) (approving attorneys' fees and costs award of 3.5 times lodestar) *Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this

one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Cohan v Columbia Sussex Mgt.*, LLC, 2018 US Dist LEXIS 170192 at *16 [EDNY Sep. 28, 2018, No. CV 12-3203] (AKT) (awarding counsel a lodestar multiplier of 2.3, and opining that "[c]ourts regularly award lodestar multipliers from two to six times lodestar.") (quoting *Johnson v Brennan*, 2011 US Dist LEXIS 105775 [SDNY Sep. 16, 2011]) (citing *In re Lloyd's Am. Trust Fund Litig.*, 2002 U.S. Dist. LEXIS 22663 at *81 (stating that a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit")); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows[1]:

---

[1] The paralegals who performed work in this case are represented by the initials "PL." They are billed at the rate of $100 per hour.

Page 7

       i.    Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's regular billing rate is $450 an hour.

       ii.    **Joshua Androphy**, senior attorney at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00. His time is indicated by the initials "JA." This is the actual rate he is billed at for matters he works on for which we bill clients on an hourly basis, including wage and hour defense cases. Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Androphy has been selected as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017 and 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As additional evidence of the reasonableness of the Plaintiffs' attorneys' lodestar amount, see the supporting papers for Defendants' prior attorneys' June 28, 2019 motion to withdraw (Dkt. No. 67) which asserted that Defendants' attorneys were owed $48,635.90 at that time in fees and costs. As a result, the fees should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

       Respectfully submitted,

       /s/Joshua S. Androphy
       Joshua S. Androphy
       MICHAEL FAILLACE & ASSOCIATES, P.C.
       Attorneys for the Plaintiff

Enclosures